UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-00034-RJC

| BRENDA R. JOHNSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | ORDER |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security Administration, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** comes before the Court on Brenda R. Johnson's ("Plaintiff's") Motion for Summary Judgment, (Doc. No. 11), and Memorandum in Support, (Doc. No. 11-1), and Defendant's Motion for Summary Judgment, (Doc. No. 12), and Memorandum in Support, (Doc. No. 13).

I. BACKGROUND

A. Procedural Background

Plaintiff seeks judicial review of Defendant's denial of his social security claim. (Doc. No. 1). On April 2, 2013, Plaintiff filed her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 et seq. (Doc. No. 9: Administrative Record ("Tr.") at 170–76). In her

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

application, Plaintiff alleged an onset date of July 1, 2008. (Tr. 170). Plaintiff's application was denied initially and upon consideration. (Tr. 27).

On May 14, 2015, a hearing was held in front of an Administrative Law Judge ("ALJ"). (Tr. 44–68). At this hearing, Plaintiff was represented by counsel and testimony was solicited from a vocational expert ("VE"). On July 14, 2015, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 27–39). The Appeals Council denied review of the ALJ's decision on January 19, 2017, making the ALJ's opinion the final decision of Defendant. (Tr. 1–3). In its denial, the AC considered new evidence submitted by Plaintiff but stated that the new information was about a later time and therefore did not affect the ALJ's determination. (Tr. 2). Plaintiff now appeals the ALJ's decision, requesting this Court to issue a remand pursuant to 42 U.S.C. §405(g).

B. Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, between July 1, 2008, Plaintiff's alleged onset date, and December 31, 2013, the date Plaintiff was last insured.[2] (Tr. 27). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  The ALJ ultimately concluded that Plaintiff was not under a disability at any point in the relevant timeframe.  (Tr. 38–39).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled.  20 C.F.R. § 404.1520(a).  The five steps are:

> (1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;
> (4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and
> (5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i–v).  In this case, the ALJ determined at the fifth step that Plaintiff was not disabled.  (Tr. at 37–38).

To begin with, the ALJ concluded that Plaintiff last met insured status requirements of the SSA on December 31, 2013.  (Tr. 29).  Then, the ALJ found that Plaintiff had not engaged in any substantial gainful activity from July 1, 2008, his alleged onset date through the date Plaintiff was last insured, to December 31, 2013.  (Id.).  At the second step, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the lumbar spine; interstitial cystitis; degenerative joint disease of the right shoulder, left knee, and right wrist; obesity; and depression."  (Tr. 30).  At the third step, the ALJ determined that Plaintiff did

not have an "impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1." (Id.). Specifically, the ALJ analyzed the listings for Major Dysfunction of a Joint (Listing 1.02), Disorders of the Spine (Listing 1.04), and the listings related to Affective and Anxiety-Related Disorders (Listings 12.04 and 12.06). (Tr. 31). The ALJ also considered whether Plaintiff's obesity increased the severity of her other impairments to meet the requirements of a listing. (Id.).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform:

> light work as defined in 20 CFR 404.1567(b) except she would be limited to a sit/stand option, with the ability to change positions twice per hour. She would be limited to no overhead lifting with her right upper extremity. She would be limited to frequent, not constant, handling and fingering bilaterally. She would need a cane to ambulate, but the cane is not required in the performance of job duties. She can perform only simple, routine, repetitive tasks; she needs ready access to a restroom.

(Tr. 32). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Id.). The ALJ further opined that he "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs [Social Security Rulings] 96-2p, 96-5p, 96-6p and 06-3p." (Id.).

At the fourth step, the ALJ found that Plaintiff could not perform his past relevant work. (Tr. 37). Finally, at the fifth and final step, the ALJ concluded that, after "[c]onsidering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national

economy that [Plaintiff] could have performed." (Id.). Therefore, the ALJ determined that "[Plaintiff] was not under a disability, as defined in the Social Security Act, at any time from July 1, 2008, the alleged onset date, through December 31, 2013, the date last insured." (Tr. 39).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note

that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

On appeal, Plaintiff presents a barrage of objections to the ALJ's decision. Plaintiff argues that the ALJ erred in his decision by failing to: (1) consider various diagnoses in Plaintiff's record, such as fibromyalgia and recurrent ganglion cyst of the right writ; (2) properly weigh the opinions of Plaintiff's treating urologist and a reviewing medical consultant; (3) properly analyze Plaintiff's RFC; and (4) resolve apparent conflicts between the testimony of the vocational expert and the Dictionary of Occupational Titles. Plaintiff also argues that the Appeals Council failed to consider new and material evidence. (Doc. No. 11-1).

Of these arguments, the Court agrees with Plaintiff's assertion that the ALJ did not properly complete a function-by-function analysis and failed to account for her ability to stay on task. (Id. at 12–13). The ALJ found a moderate limitation in Plaintiff's concentration, persistence or pace ("CPP"), supporting this finding with

two statements. (Tr. 31). First, the ALJ justified the moderate limitation due to Plaintiff's "reports that the pain from her impairments affects her ability to sustain concentration and attention." (Id.). Second, the ALJ created a caveat, noting that Plaintiff was able to use a tablet and watch TV throughout a day. (Id.).

In his RFC determination, the ALJ limited Plaintiff to simple, routine, repetitive tasks. Such a limitation alone, however, cannot account for a Plaintiff's moderate limitation in CPP. Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015): "the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id. Therefore, if an ALJ does not provide a limitation within a claimant's RFC addressing impairments to CPP or the ability to stay on task, he must explain why. Id. (finding remand in order where an ALJ determines that a CPP limitation does not affect one's ability to work but fails to give an explanation to support that conclusion).

The ALJ partly addresses why Plaintiff's RFC does not include further limitations addressing her moderate CPP impairment. In regard to her mental impairments, that ALJ mentioned that Plaintiff's treating physician, Dr. Stresing, indicated that Plaintiff's depression "constantly interfered" with her concentration and attention. (Tr. 34). The ALJ then minimized the impact of Dr. Stresing's finding by realizing that Plaintiff's medical record indicated that her depression was well-controlled by medication. (Id.). Additionally, Plaintiff began showing normal mental statuses during examinations and began denying depression and anxiety on several occasions. (Id.).

Plaintiff's normalizing mental status seems to explain Plaintiff's RFC and why Plaintiff was limited merely to simple, routine, repetitive tasks. But, when viewing the decision as a whole, the ALJ fails to analyze how Plaintiff's perceived pain from her limitations affect her ability to concentrate. As mentioned above, the ALJ based Plaintiff's moderate CPP limitation on her pain. (Tr. 31). What's more, the ALJ specifically discredited the findings of state agency medical consultant opinions because they "did not consider the potential effect of the pain from the claimant's physical impairments on her ability to sustain concentration." (Tr. 36).

The ALJ did not just see a connection between Plaintiff's mental status and her concentration; he saw a connection with Plaintiff's pain as well. Nonetheless, the ALJ failed to analyze Plaintiff's pain in relation to her concentration and whether that pain warranted further limitations in the RFC. While the ALJ did find that Plaintiff's credibility was diminished in respect to the persistence or limiting effects of her symptoms, he did not discuss what pain was credible and what effect that pain, or the absence there of, had on Plaintiff's concentration. In the end, what was apparently enough to warrant finding a moderate limitation in CPP was never mentioned in the RFC analysis. The Court is left to guess that Plaintiff's pain did not affect her concentration. Because the Court cannot take part in such a guessing game, the lack of explanation warrants remand. <u>Mascio</u>, 780 F.3d at 638 ("Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Mascio's residual

functional capacity…. But because the ALJ here gave no explanation, a remand is in order.")

## IV. CONCLUSION

The Court finds its ability to conduct a meaningful review of the ALJ's decision was hindered by a gap within the ALJ's explanation of Plaintiff's RFC. The ALJ attributes Plaintiff's pain as a cause to her moderate limitation in concentration, persistence or pace but otherwise does not explain why that pain does not warrant a corresponding limitation in Plaintiff's RFC. As such, the Court remands this case pursuant to Sentence Four of 42 U.S.C. § 405(g) with instruction for further proceedings consistent with this order. The Court did not address Plaintiff's remaining arguments but the ALJ should take note of them on remand.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**;
2. Defendant's Motion for Summary Judgment, (Doc. No. 12), is **DENIED**; and
3. The Clerk of Court is directed to close this case.

Signed: March 7, 2018

Robert J. Conrad, Jr.
United States District Judge